IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRICO BANCSHARES & SUBSIDIARIES, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-CV-01700 GEB JFM |
| | ) | |
| v. | ) | ORDER GRANTING |
| | ) | IN PART AND DENYING IN PART |
| ROTHGERBER JOHNSON & LYONS LLP | ) | DEFENDANT'S MOTIONS TO |
| and DOES 1-20 inclusive, | ) | DISMISS[*] |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant, the law firm Rothgerber Johnson & Lyons LLP ("Rothgerber"), seeks dismissal under Federal Rule of Civil Procedure 12(b)(3) of Plaintiff Trico Bancshares & Subsidiaries' ("Trico") claims, for improper venue; or alternatively, an order transferring this case under 28 U.S.C. § 1406(a) to the District of Colorado. Rothgerber also seeks dismissal of Trico's breach of fiduciary duty claim under Federal Rule of Civil Procedure 12(b)(6), arguing the allegations in that claim are insufficient to state a viable claim.

---

[*] This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

For the reasons stated below, Rothgerber's motion is GRANTED and DENIED IN PART.

I.  Factual Background

Trico filed suit against Rothgerber, alleging that Rothgerber committed professional negligence and breached its fiduciary duties in preparing a stock option plan for Trico. (Compl. ¶¶ 1, 21-28.)  Trico is a commercial bank headquartered in Chico, California.  (Compl. ¶ 2.)  Rothgerber is a law firm with offices in Colorado and Wyoming. (Kanan Decl. ¶ 2.)

Trico retained Rothgerber to "handle all phases of SEC compliance" in February 1989.  (Belton Decl. ¶ 3.)  Rothgerber prepared a stock option plan (the "plan") for Trico in 2001.  (See Belton Decl. ¶ 5.)  The plan was researched, drafted and revised in Rothgerber's Colorado office.  (Kanan Decl. ¶ 4.)  In connection with preparing the plan, "numerous phone calls [were] made between the offices of Trico in Chico, California and Rothgerber in Colorado." (Belton Decl. ¶ 4.)  Further, Rothgerber attorneys visited Trico's offices in Chico twice; one of these visits was for the purpose of attending the shareholders meeting where the plan was adopted.  (Kanan Decl. ¶ 5.)  When Rothgerber lawyers visited Trico's offices they did not prepare or draft the plan.  (Kanan Decl. ¶ 5.)  Instead, their visits involved only the "usual communication and consultation" concerning the law firm's activities.  (Kanan Decl. ¶ 5.)

Trico alleges the plan Rothgerber prepared did not include a "single employee cap" provision.  (Compl. ¶ 14; Kanan Decl. ¶ 6.) Trico's accountants KPMG discovered this alleged omission in August 2008.  (Belton Decl. ¶ 5.)  As a result of this alleged error, Trico

was required to pay an additional $440,000 in federal and California income taxes.  (Belton Decl. ¶ 5.)

II.  Rothgerber's Motion to Dismiss for Improper Venue

    *A.  Legal Standard*

    Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move for dismissal when venue is improper.  "It is well established that once venue is challenged, the burden is on plaintiff to show that venue is proper."  Pong v. American Capital Holdings, Inc., 2007 WL 657790, at *2 (E.D. Cal. Feb. 28, 2007)(citation and quotations omitted); Remley v. Lockheed Martin Corp., 2001 WL 681257, at *3 (N.D. Cal. June 4, 2001)(citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)(stating plaintiff has the burden of proving  venue is proper in a motion for summary judgment)).  "Also, because [Rothgerber's] motion . . . is made pursuant to Fed. R. Civ. P. 12(b)(3), the pleadings need not be accepted as true, and the court may consider facts outside the pleadings."  Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004)(citations omitted).  "When the facts [concerning venue] are disputed, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party."  Lansing v. Feast At Lele, 2009 WL 800228, at *3 (E.D. Cal. Mar. 25, 2009)(citations omitted).

    Where federal jurisdiction is based solely on diversity of citizenship, venue is proper "only in . . . a judicial district in which a *substantial part of the events or omissions giving rise to the claim occurred* . . . ."  28 U.S.C. § 1391(a)(2)(emphasis added).  Under § 1391(a)(2), "it is possible for venue to be proper in more

than one judicial district." <u>Mitrano v. Hawes</u>, 377 F.3d 402, 405 (4th Cir. 2004); <u>see also</u> <u>Gulf. Ins. Co. v. Glasbrenner</u>, 417 F.3d 353, 356 (2d Cir. 2005)("We thus join several other circuits in holding that the civil venue statute permits venue in multiple jurisdictions as long as a substantial part of the underlying events took place in those districts . . . .")(citations omitted).  "Additionally, in determining whether events or omissions are sufficiently substantial to support venue . . ., a court should not focus only on those matters that are in dispute or that directly led to the filing of the action. Rather, it should review the entire sequence of events underlying the claim."  <u>Mitrano</u>, 377 F.3d at 405 (citations and quotations omitted).

"Under 28 U.S.C. § 1391(a)(2), it is not necessary that a majority of the events occurred in the district where suit is filed, that the events in that district predominate, or that the chosen district is the best venue, rather plaintiff[] must show that a substantial part of the events giving rise to [its] claims occurred in the chosen district."  <u>Kelly v. Qualitest Pharmaceuticals, Inc.</u>, 2006 WL 2536627, at *8 (E.D. Cal. Aug. 31, 2006)(citing <u>Pecoraro v. Sky Ranch for Boys, Inc.</u>, 340 F.3d 558, 563 (8th Cir. 2003))(quotations omitted).  "That means, for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere."  <u>Gulf Ins. Co.</u>, 417 F.3d at 357 (emphasis in original). "Only the events that directly give rise to a claim are relevant.  And of the places where the events have taken place, only those locations hosting a substantial part of the events are to be considered." <u>Jenkins Brick Co v. Bremer</u>, 321 F.3d 1366, 1371 (3rd Cir. 2003). Since the events or omissions giving rise to the plaintiff's claim

must be substantial, "events or omissions that might only have some tangential connection with the dispute in litigation are not enough." Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994). This is because "[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." Id.

In determining whether events or omissions are sufficiently substantial to support venue under § 1391(a)(2), "the court should generally focus on activities of the defendant and not the activities of plaintiff." Kelly, 2006 WL 2536627, at *8 (citing Jenkins Brick, 321 F.3d at 1371-72). In tort actions, "the locus of the injury [is] a relevant factor" in determining whether venue is proper. Myers v. Bennett Law Offices, 238 F.3d 1068, 1076 (9th Cir. 2001).

B. *Discussion*

Rothgerber argues since the plan was prepared and drafted entirely in Colorado, the alleged legal malpractice occurred in Colorado and therefore, the District of Colorado is the only district in which venue is proper. (See Mot. to Dismiss 2:3-12.) Trico counters the Eastern District of California is a proper venue because it has a "substantial connection" to Trico's claims. (See Opp'n. to Mot. to Dismiss 5:9-13.)

Trico's evidence consists of the declarations of Brue Belton, Trico's general counsel, in which Belton declares Trico retained Rothgerber for matters related to "SEC compliance"; that "numerous phone calls [were] made" between Trico's and Rothgerber's respective offices; that Rothgerber attorneys visited Trico's offices in California; and that in August 2008, Trico's accountant alerted Trico that Trico would be required to pay an additional $440,000 in federal

and California income taxes because the plan did not include a single
employee cap.  (Belton Dec. ¶¶ 3-5.)  Also, Trico's allegation in its
complaint that it paid $440,000 in additional federal and California
income taxes is uncontroverted.  (Compl. ¶ 18.)

Although Trico argues Rothgerber attorneys' telephone calls and
visits to Trico's office is evidence bearing on the venue motion,
Trico has not demonstrated how these "events" are "substantial" to its
professional negligence claim.  Nor has Trico shown that the
referenced telephone calls and visits support any element of its
professional negligence claim.  Therefore, this evidence does not
support Trico's argument that venue is proper in the Eastern District
of California.

However, Trico's alleged injury that it had to pay an additional
$440,000 in federal and California income taxes does support its venue
position.  The Ninth Circuit stated in Myers v. Bennett Law Offices,
that in a tort action the "locus of the injury" is a relevant factor
in determining whether venue is proper under § 1391.  238 F.3d 1068,
1076 (9th Cir. 2001).  The Ninth Circuit concluded in Myers that
because "at least one of the 'harms' suffered by Plaintiffs . . . was
felt in Nevada . . . a substantial part of the events giving rise to
the [Plaintiffs'] claim occurred in Nevada," and therefore, venue in
Nevada was proper.  Id.; see also Open Road Ventures, LLC v. Daniel,
2009 WL 2365857, at *4 (N.D. Cal. July 30, 2009)("Because the injury
occurred in California, venue is proper [t]here under 28 U.S.C. §
1391(a)(2).");  Williamson v. American Mastiff Breeders Council, 2009
WL 634231, at *7 (D. Nev. Mar. 6, 2009)("If a harm suffered by a
plaintiff is felt in a specific place, then that place is one where
the actions giving rise to the claim or occurrence happened.");  Mathis

1 | v. County of Lyon, 2007 WL 3230142, at *1 (D. Nev. Oct. 24, 2007)("The
2 | locus of the injury has been deemed to be a substantial part of the
3 | events giving rise to the claim in a tort action."); City of Los
4 | Angeles v. County of Kern, 2006 WL 3073172, at *6 (C.D. Cal. Oct. 24,
5 | 2006)("Plaintiffs' alleged injuries in the Central District constitute
6 | substantial events giving rise to the cause of action, and thus venue
7 | is proper . . . ."). Although Rothgerber counters with district court
8 | cases outside of the Ninth Circuit, in light of the ruling in Myers,
9 | these cases are unpersuasive.

10 | Rothgerber also argues Kelly v. Qualitest Pharmaceuticals, Inc.,
11 | 2006 WL 2536627 (E.D. Cal. Aug. 31, 2006), supports its position that
12 | "venue may not be founded simply on the claim that plaintiff suffered
13 | harm in the plaintiff's home district." However, the facts in Kelly
14 | are distinguishable. The plaintiff in Kelly brought suit in the
15 | Eastern District of California, alleging that the defendant, an
16 | Alabama corporation, was negligent in selling the drug Elavil to an
17 | improperly licensed online pharmacy residing in New Jersey. Kelly,
18 | 2006 WL 2536627, at *9. The Kelly Court concluded that the
19 | plaintiff's alleged injury - the suicide of her daughter and grandson
20 | - which occurred in the Eastern District of California, did not
21 | constitute a substantial part of the events or omissions giving rise
22 | to her claim, since "the allegations indicate[d] attenuated conduct by
23 | Defendant that occurred in Alabama that, at best, was directed towards
24 | entities in New Jersey." Id. at *11.

25 | Here, the link between Rothgerber's alleged negligence and
26 | Trico's injury in California is not attenuated as was the connection
27 | in Kelly. Trico alleges that Rothgerber's negligent legal work caused

28 |

Trico to be injured in California.   Therefore, venue is proper in the Eastern District of California.

Rothgerber also seeks an order under 28 U.S.C. § 1406(a) transferring this case to the District of Colorado because it has been filed in the wrong venue.   Trico counters arguing the case should not be transferred to the District of Colorado under 28 U.S.C. § 1404(a).   However, Trico's argument is misplaced since Rothgerber has not moved to transfer venue under 28 U.S.C. § 1404(a).   Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."   Section 1406(a) thus applies only where venue is improper.   Since venue in this district has been shown to be proper, Rothgerber's motion to transfer under § 1406(a) is DENIED.

III.   Rothgerber's Motion to Dismiss for Failure to State a Claim

Rothgerber also seeks dismissal of Trico's breach of fiduciary duty claim under Federal Rule of Civil Procedure 12(b)(6), on the grounds that Trico's claim fails to state a viable cause of action. Trico's response states that "Trico has no opposition to dismiss" its breach of fiduciary duty cause of action.   (Opp'n. 13:17-18.) Accordingly, Rothgerber's motion to dismiss Trico's breach of fiduciary duty claim is GRANTED.

///

///

IV.  Conclusion

     For the reasons stated above, Rothgerber's motion to dismiss or transfer for improper venue is DENIED and its motion to dismiss Trico's breach of fiduciary duty claim for failure to state a claim is GRANTED.

Dated:  October 14, 2009

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge